IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY ANTON BUTLER**                                            **PLAINTIFF**

**v.**                                                                                             **CAUSE NO. 1:23-cv-49-LG-BWR**

**D. RICHARDS, et al.**                                           **DEFENDANTS**

<u>**ORDER OF DISMISSAL FOR LACK OF PROSECUTION**</u>

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Anthony Anton Butler brings this conditions-of-confinement Complaint under 42 U.S.C. § 1983.

On April 20, 2023, Butler was ordered to file a written response on or before May 4, 2023, to answer questions that would aid the Court in screening his claims under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*. (Order, at 1-2, ECF No. 18). This Order warned Butler that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." (*Id*. at 2). This Order was mailed to Butler at his last-known mailing address, which he provided to the Court a month before. (Notice at 1, ECF No. 8). The Order was returned by the postal service as undeliverable in an envelope marked, "Inmate no longer here." (Envelope, at 1, ECF No. 20). Butler did not timely comply with the Court's Order.

On May 12, 2023, the Court ordered Butler to show cause why this case should not be dismissed for his failure to comply. (Order to Show Cause, ECF No.

23).  He was given until May 26, 2023, to comply with the Court's Order, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." (*Id.* at 2).  The Order to Show Cause was mailed to Butler at his last-known mailing address, and it was also returned by the postal service as undeliverable in an envelope marked, "Inmate no longer here."  (Envelope at 1, ECF No. 24).  Butler did not timely comply with the Order to Show Cause.

The Court entered a Second and Final Order to Show Cause on June 5, 2023.  The Court extended Butler's responsive deadline to June 20, 2023, and warned him again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." (Second & Final Order to Show Cause, at 2-3, ECF No. 25 (emphasis in original)).  Butler was cautioned that this was his "final opportunity" to comply with the Court's Orders.  (*Id.* at 3).  The Second and Final Order to Show Cause was mailed to Butler at his last-known mailing address, and it was not returned by the postal service as undeliverable.  Butler did not timely comply with the Second and Final Order to Show Cause, nor has he notified the Court about a change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962);

2

*see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Butler did not comply with three Court Orders, after being warned seven times that failing to do so may lead to the dismissal of this case. (Order, at 2, ECF No. 4; Order Requiring Plaintiff to Respond, at 2, ECF No. 9; Order to Show Cause, at 2, ECF No. 13; Order Setting Payment Schedule, at 3, ECF No. 15; Order Requiring Plaintiff to Respond, at 2, ECF No. 18; Order to Show Cause, at 2, ECF No. 23; Second & Final Order to Show Cause, at 2-3, ECF No. 25). Despite these warnings, Butler has not contacted the Court or taken any action in this case since April 19, 2023.

Given his clear record of delay and contumacious conduct, it is apparent that Butler no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  *See, e.g., Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE